[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13589
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20710-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARCY PILOTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 10, 2016)

Before WILSON, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Darcy Piloto, a federal prisoner, appeals the district court's denial of his motion for a new trial based upon newly discovered evidence under Federal Rule of Criminal Procedure 33 and related motion for an evidentiary hearing.  Piloto argues that the district court abused its discretion in denying his motions because he could have presented expert testimony showing that Detective Ana Suarez falsely testified (1) in her probable cause affidavit to obtain a search warrant and (2) at his suppression hearing.

After a jury trial in February 2013, Piloto was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Law enforcement discovered the firearms and ammunition in Piloto's home pursuant to a search warrant partially based on Piloto having been identified as a suspect of an armed burglary.  At a pre-trial suppression hearing before the magistrate judge and again at trial before the jury, Detective Suarez testified that the victim of the burglary identified Piloto from a photo lineup, circled his picture, and printed his name next to the photo himself.  Piloto asserts that Detective Suarez lied about the handwriting on the photo line up being that of the victim, and has provided as new evidence a forensic document examiner's report averring that the handwriting belongs to Detective Suarez, not the victim.[1]

---

[1] Because Detective Suarez swore to the truth of all statements in the probable cause affidavit used to obtain a search warrant to search Piloto's home, Piloto argues that her alleged false testimony tainted the search warrant, which was the sole reason law enforcement uncovered

2

The Federal Rules of Criminal Procedure permit the district court to grant a new trial if the interests of justice require one. Fed. R. Crim. P. 33(a). We apply an abuse of discretion review to a district court's denial of a "motion for a new trial and evidentiary hearing." *United States v. Isaacson*, 752 F.3d 1291, 1308 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 990 (2015).

"To succeed on a motion for a new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Schlei*, 122 F.3d 944, 991 (11th Cir. 1997). "The failure to satisfy any one of these elements is fatal to a motion for new trial." *Id.* (quoting *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995)). New trial motions are only granted "with great caution," *see United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (internal quotation marks omitted), and new evidence must raise the likelihood of a different result "considerably above the level of speculation," *Ross v. Texas*, 474 F.2d 1150, 1153 (5th Cir. 1973).[2]

---

the firearms.

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as

An evidentiary hearing on a Rule 33 motion is not required where "the record contained all the evidence needed to dispose of each of the grounds asserted as a basis for a new trial." *United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013).

Piloto has not established that the district court abused its discretion in denying his motion for a new trial because he has failed to meet his burden to demonstrate that a new trial would likely produce a different result. At his suppression hearing and at trial, Piloto challenged the truthfulness of Detective Suarez's assertions that the victim printed his name next to Piloto's picture in the photo line up. As a result, the magistrate judge and jury both had an opportunity to evaluate the handwriting themselves and determine whether or not they believed Detective Suarez. Despite the challenge, the magistrate judge and the jury found Detective Suarez to be credible, and the district court found no reason to disturb that determination. Moreover, in response to Piloto's motion for new trial, the government provided additional evidence that the handwriting belonged to the victim, not Detective Suarez. Specifically, a case agent contacted the victim, who confirmed over e-mail that the handwriting in question belonged to him. In the face of this evidence, we cannot conclude that the third party forensic document

binding all Fifth Circuit precedent prior to October 1, 1981).

examiner's report alone would "probably produce a new result" in the trial.  *See*

*United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994) (holding that new

evidence undermining the credibility of "but one of several [adverse] witnesses"

did not warrant a new trial); *United States v. Starrett*, 55 F.3d 1525, 1554 (11th

Cir. 1995) (per curiam).

Additionally, it was within the sound discretion of the district court to deny

Piloto's motion for an evidentiary hearing.  The court was fully versed in the facts

of Piloto's case, and the forensic document examiner's report provided sufficient

reasoning for its conclusions.  Accordingly, the court did not err in determining

that proper investigation of the basis of the report did not require additional live

testimony.  *See Schlei*, 122 F.3d at 993 ("[T]he acumen gained by a trial judge over

the course of the proceedings makes [him] well qualified to rule on the basis of

affidavits without a hearing." (internal quotation marks omitted)); *Scrushy*, 721

F.3d at 1305 n.30.[3]

Because Piloto has failed to show that the district court abused its discretion

in denying his motions for a new trial and evidentiary hearing, the judgment of the

district court is

---

[3] We need not address whether Piloto's arguments based on *Giglio* and *Brady* have merit because he failed to raise those arguments on appeal.  *See Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972); *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); *see also United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (per curiam) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." (internal quotation marks omitted)).

**AFFIRMED.**